IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TROY HOOPER, | ) | |
| ID # 1897543, | ) | |
|     Petitioner, | ) | |
| vs. | ) | No. 3:16-CV-654-D (BH) |
| | ) | |
| LORIE DAVIS,[1] Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I.  BACKGROUND**

Troy Hooper (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent).

**A.  State Proceedings**

On December 11, 2012, the State indicted Petitioner for unlawful delivery of one gram or more, but less than four grams, of a controlled substance in a drug free zone in Cause No. F12-71997. (*See* doc. 17-1 at 9.)[2] He pleaded not guilty and was tried before a jury in the 265th Judicial

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

District Court of Dallas County, Texas, on August 19-22, 2013.

Two police officers testified that they were working undercover in an area known for narcotics trafficking when they noticed Petitioner. One testified that Petitioner was "flagging cars down" and approached them, and the other testified that Petitioner was walking when they approached him. Both officers testified that after "some general talk," they asked Petitioner where they could buy powder cocaine. He said that he knew a dealer, made a telephone call, and "set up a deal." He entered the officers' car and directed them to an apartment complex. They parked "to the rear of th[e] complex," where an officer gave Petitioner $100 for the cocaine. Petitioner left the car, walked through a breezeway, and was out of sight for a couple of minutes before returning with two baggies of cocaine. The apartment complex fell, in part, within the drug-free zone of a nearby middle school. The officers tipped Petitioner $20 for facilitating the deal and left. *See Hooper v. State*, No. 05-13-01286-CR, 2015 WL 4572471 at *1 (Tex. App. – Dallas July 29, 2015).

The baggies and substance that Petitioner delivered to the officers were introduced as State's Exhibit 9. (*See* docs. 17-4 at 27-28, 17-5 at 11.) The substance in the baggies contained cocaine, which is a controlled substance. (*See* doc. 17-5 at 12.) A chemist testified that the total weight of the substance in the baggies, including adulterants and dilutants, was 1.22 grams. (*See id.*)

The jury convicted Petitioner of unlawful delivery of one gram or more, but less than four grams, of a controlled substance. (*See* doc. 17-1 at 92.) At the sentencing phase, the State introduced into evidence State's Exhibits 24-26, which were drugs that Petitioner had delivered to the officers on other occasions. (*See* doc. 17-6 at 12-15.) Petitioner's sentence was enhanced with a prior conviction for felony theft on March 4, 1993. (*See id.* at 88, 91.) The jury sentenced him to 15 years' confinement. (*See* doc. 17-1 at 92.)

The judgment was affirmed on appeal. *See Hooper v. State*, 2015 WL 4572471. Petitioner did not file a petition for discretionary review. He filed a state habeas application challenging his conviction that was signed on September 30, 2015, and received by the state court on October 6, 2015. (Doc. 17-16 at 5, 21.) On January 13, 2016, it was denied without written order. (Doc. 17-13); *see Ex parte Hooper*, WR-84,205-01 (Tex. Crim. App. Jan. 13, 2016).

**B.   Substantive Claims**

Petitioner's federal habeas petition, signed on March 2, 2016, challenges his conviction on the following grounds:

   (1) The evidence was insufficient to prove that he delivered one gram or more of a controlled substance, and the verdict was contrary to the evidence;

   (2) The evidence was obtained in violation of state law because the police induced him to engage in the crime;

   (3) The reporter's record on appeal did not include any record or copy of State's Exhibits 9, 24-26;

   (4) The sentence enhancement was unlawful.

(*See* doc. 8 at 7-13.) Respondent filed a response on June 15, 2016. (Doc. 15.) Petitioner filed a reply on July 12, 2016. (Doc. 18.)

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the

'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; accord *Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. SUFFICIENCY OF EVIDENCE

Petitioner contends that there was insufficient evidence to support his conviction because there was no evidence of the percentage of cocaine in the substance he delivered to the officers, which included adulterants or dilutants.

**A.     Procedural default**

Under Texas law, it has long been held that challenges to the sufficiency of the evidence of a conviction must be raised on direct appeal. *See Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994) (holding evidentiary sufficiency claims not cognizable in post-conviction, collateral attack); *West v. Johnson*, 92 F.3d 1385, 1389 n. 18 (5th Cir. 1996) (recognizing that this is a long-standing legal principle under Texas law).

Petitioner did not raise this claim on direct appeal. He raised it on state habeas, and the Court of Criminal Appeals denied it without written order. That decision was an adjudication on the merits. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d

469, 472 (Tex. Crim. App. 1997). When the Court of Criminal Appeals denies a state application for writ of habeas corpus without written order, it implicitly denies sufficiency claims on the procedural basis that such claims are not cognizable on state habeas review. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995).

Petitioner has procedurally defaulted any claim of insufficiency of the evidence under Texas law. This default constitutes an adequate and independent state procedural ground to bar federal habeas review of the claim. *See Reed v. Thaler*, 428 F. App'x 453, 454 (5th Cir. 2011) (citing *Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004), and *Ex parte Grigsby*, 137 S.W.3d at 674). The claim is therefore procedurally barred unless Petitioner shows cause and prejudice or a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000). He has not shown cause and prejudice, and he has not shown a fundamental miscarriage of justice or actual innocence.

**B.    Merit**

Petitioner has also not shown that his claim has merit. Federal courts conduct an extremely limited review of habeas claims based on the sufficiency of the evidence using the standard in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Jackson* held that the correct standard of review when a state prisoner challenges the sufficiency of the evidence in a federal habeas corpus proceeding is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at 320. Moreover, the trier of fact has the responsibility of weighing the evidence, resolving conflicts in

6

testimony, and drawing reasonable inferences from basic facts to ultimate facts. *Id*. Under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup v. Delo*, 513 U.S. 298, 330 (1995). "Determining the weight and credibility of the evidence is within the sole province of the jury." *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992). Courts view "any required credibility determinations in the light most favorable to the guilty verdict." *United States v. Wise*, 221 F.3d 140, 154 (5th Cir. 2000). They do not "second-guess[ ] the weight or credibility given the evidence." *United States v. Ramos–Garcia*, 184 F.3d 463, 465 (5th Cir.1999).

Under Texas law, "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." Tex. Health & Safety Code § 481.112(a). Cocaine is listed in Penalty Group 1. *See* Tex. Health & Safety Code § 481.102(3)(D). An offense under § 481.112(a) "is a felony of the second degree if the amount of the controlled substance to which the offense applies is, by aggregate weight, including adulterants or dilutants, one gram or more but less than four grams." Section 481.112(c). The State is not required to prove the amount of controlled substance and the amount of adulterant and dilutant that constitute the mixture. *Melton v. State*, 120 S.W.3d 339, 344 (Tex. Crim. App. 2003). "The State has to prove only that the aggregate weight of the controlled substance mixture, including adulterants and dilutants, equals the alleged minimum weight." *Id*.

Here, a chemist testified that the substance in the baggies included cocaine and the total weight of the substance in the baggies, including adulterants and dilutants, was 1.22 grams. That was sufficient evidence to prove the nature of the substance delivered. *See Brewer v. Stephens*, No. 3:13-CV-1467-L, 2014 WL 1318381 (N.D. Tex. Mar. 28, 2014) (no merit to sufficiency of evidence

7

claim that the weight of cocaine must be determined without adulterants or dilutants).

## IV. ILLEGALLY OBTAINED EVIDENCE - INDUCEMENT

Petitioner contends that the evidence was obtained illegally under Tex. Penal Code § 7.02 (law of parties), and Tex. Code Crim. Proc. art. 38.23 (state exclusionary rule), because the officers induced him to commit the offense.

In federal habeas corpus actions, federal courts do not sit to review errors under state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[w]e have stated many times that 'federal habeas corpus relief does not lie for errors of state law' ... In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law, or treaties of the United States") (citations omitted); *see also Little v. Johnson*, 162 F.3d 855, 862 (5th Cir.1998).

Petitioner's state law claim under art. 38.23 is not cognizable on federal habeas corpus review. *See Vernon v. Davis*, 2017 WL 1354150 at *8 (N.D. Tex. Apr. 13, 2017) (art. 38.23 claim not cognizable); *Weeks v. Thaler*, 2011 WL 2443543 at *9 (W.D. Tex. June 14, 2011) (same).

To the extent that Petitioner's argument that the officers induced him to commit the offense may be liberally construed as a claim that he was entrapped under Tex. Penal Code § 8.06 rather than under § 7.02, his claim lacks merit. On appeal, he claimed that the jury should have been instructed on the defense of entrapment. The appellate court rejected the claim. The defense of entrapment under § 8.06 provides for an acquittal if a defendant shows that "(1) he engaged in the conduct charged (2) because he was induced to do so by a law enforcement agent (3) who used persuasion or other means (4) which were likely to cause a person to commit the offense." *Hooper v. State*, 2015 WL 4572471 at *2. There must be evidence that the defendant was induced to commit the offense by the persuasiveness of police conduct. *Id*. There must also be evidence that the persuasion

8

"was such as to cause an ordinarily law-abiding person of average resistance nevertheless to commit the offense." *Id*. "Such persuasion includes pleas based on extreme need, sympathy, pity, or close personal friendship; offers of inordinate sums of money; and, other methods likely to cause the otherwise unwilling person, rather than the ready, willing, and anxious person, to commit an offense." *Id*. "Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment." *Id*.

The appellate court held that Petitioner was not entitled to a jury instruction on the defense of entrapment because it was not raised by the evidence. Petitioner responded to the officer's inquiry about buying cocaine by stating that he knew a dealer and by arranging the purchase of cocaine. "[T]he officers' conduct merely afforded [Petitioner] an opportunity to commit the offense and did not, either alone or with any other evidence, raise the defense of entrapment." *Id*. The state court reasonably determined that there was no evidence of entrapment, and he is not entitled to relief on this claim.

## V. EXHIBITS

Petitioner contends that the reporter's record on appeal did not include State's Exhibits 9 and 24-26. He asserts that Exhibit 9 included a tag with information about the chain of custody, which was important to the appeal.

Petitioner did not raise an issue on appeal regarding State's Exhibits 9 and 24-26. He has not shown that the exhibits were necessary to the issues he raised. He has not shown that the state court's rejection of this claim was unreasonable.

## VI. PRIOR CONVICTION

Petitioner contends that his 1993 prior conviction for theft from a person was ineligible for

9

use to enhance his sentence. He asserts that the offense was reclassified after 1993 as a state jail felony, which cannot be used for enhancement.

The Court of Criminal Appeals has held that a prior conviction for an offense that is otherwise eligible for enhancement as a felony conviction may still be used for enhancement even though the offense would now be a state jail felony. *See State v. Wooldridge*, 237 S.W.3d 714, 716-17 (Tex. Crim. App. 2007). Under *Wooldridge*, Petitioner's prior theft conviction was available for enhancement even if that offense would now be a state jail felony. Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## VII. EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VIII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 12th day of March, 2018.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                            IRMA CARRILLO RAMIREZ
                                                            UNITED STATES MAGISTRATE JUDGE